STEWART and others *v.* SCHELL and others, Ex'rs, etc.

*(Circuit Court, S. D. New York.* December 1 and 2, 1886.)

CUSTOMS DUTIES—INTEREST.
    In an action commenced November, 1863, against a collector of customs, to recover excess of duties, and brought to trial in December, 1886, where the question of the right of the plaintiffs to recover interest on the principal sum thereof is submitted to the jury, if the jury find that the plaintiffs have been guilty of laches in prosecuting the action from the date of the commencement of the same until the date of the trial thereof, though entitled to recover the principal sum of such excess, the plaintiffs are not entitled to recover any interest. If the jury find that the plaintiffs have been guilty of such laches for a part only of such time, then the plaintiffs are not entitled to recover interest for such part thereof.

This action was commenced November 27, 1863, to recover, *with interest,* certain duties exacted of the plaintiffs by the late Augustus Schell, as collector of customs at the port of New York, during 1857, 1858, 1859, 1860, and 1861. December 26, 1863, the defendant appeared therein, and demanded a bill of particulars of the plaintiffs' claim, and a copy of their complaint, (declaration.) April 28, 1864, the plaintiffs served a common-law declaration, alleging indebtedness as existing at the time of the commencement of the suit. May 17, 1864, the defendant served his plea of *non assumpsit.* March 13, 1876, on the consent of the respective parties, an order was made referring this action to a referee for his determination and adjustment of the plaintiffs' then supposed cause of action therein, to recover duties exacted on commissions above the usual rates, and on non-dutiable charges, under section 1 of the act of March 3, 1851, (9 U. S. St. at Large, 629,) but in reality there was no such issue in the case. June 26, 1883, the plaintiffs not having served their bill of particulars, the court, upon the defendant's motion, ordered the service by plaintiffs of such bill. February 27,

1884, pursuant to this order, the plaintiffs served such bill, setting forth a list of vessels by which their importation in suit were made, the dates of arrival thereof, and the dates, etc., of their protests, and claiming to recover certain fees of the kind held to be illegal in the case of *Barber* v. *Schell*, 107 U. S. 617, 2 Sup. Ct. Rep. 301, and certain duties exacted on certain linen and cotton goods. Subsequently, and in 1884, these fees were refunded. On the trial the cotton and linen issue was the issue tried.

It further appeared, from the testimony of the plaintiffs' witnesses, that a very large number of cases involving the charges and commission issue were brought between 1861 and 1865; that about that time the legal principles applicable to that issue were settled, and the government began to make refunds in these cases; that refunds were slowly made; that the government frequently stopped refunding, and then fresh litigation ensued; that it was customary when an issue had been tried, determined in favor of the plaintiffs, and such determination acquiesced in by the secretary of the treasury, to refer to a referee other cases involving a similar issue, for the adjustment by him of the amount claimed therein by the plaintiffs; that in pursuance of this custom, and in the belief that there was involved in the action at bar an issue upon charges and commissions, this action was referred as aforesaid, to a referee, for such adjustment by him as to that issue, on the request of the plaintiffs' attorney of fact; that the original attorneys of record for the plaintiffs had been succeeded by another attorney, who subsequently, and in 1876, died; that a third attorney was substituted in his place, and a fourth in his; that the plaintiffs' papers had been lost or mislaid; that in consequence of all these facts the progress of this action, on the part of the plaintiffs, had been delayed; but it also appeared, from the testimony of the plaintiffs' witnesses, that a common-law action pending in this court could be noticed for trial, put upon the calendar, and, when reached, moved for trial, by either party thereto; that, so far as known, there was no protest in this action against the exaction of duty on charges and commissions; that no attempt, after the order of reference was granted, was made by the plaintiffs to bring the supposed charges and commissions issue therein to trial before the referee; and no attempt was ever made to bring to trial any of the issues set out in the plaintiffs' bill of particulars. It still further appeared, from the evidence in the action, that all the officers of the government who, so far as shown by the indorsements upon the invoices and entries of plaintiffs' importations in suit, could testify concerning such importations, were dead.

*Stephen A. Walker*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for the defendant, contended—

That upon the foregoing facts the plaintiffs, even though entitled to recover the principal sum of duties claimed by them to have been illegally exacted, were not entitled to recover interest thereon; and in support of this contention relied upon the case of *Redfield* v. *Ystalyfera Iron Co.*, 110 U. S. 174, 3 Sup. Ct. Rep. 570; *Bann* v. *Dalzell*, 3 Car. & P. 376; *Newell* v. *Keith*, 11 Vt. 214; and *Adams Exp. Co.* v. *Milton*, 11 Bush, 49.

*Samuel B. Clarke* and *William B. Coughtry*, for plaintiffs.

WHEELER, J., (*charging jury as to interest.*)   If you find a verdict for the plaintiffs, I desire you to answer the question as to whether you think, on the evidence, the plaintiffs ought to have interest on the money which has been detained.   Generally, where money is detained from a plaintiff in such a way, he is entitled to interest.   They are entitled to interest in this case, unless the delay in prosecuting this suit has been the fault of the plaintiffs.   When a suit is brought, either party can advance it for trial.   The law provides how a suit shall be brought, and as to the course of procedure.   The plaintiff can proceed according to the course of the court, and press the case for trial; and the defendant can also have the case advanced and proceeded with for trial.   If there is any delay contrary to the rules of the court in furnishing any papers, the defendant can apply to the court, and ask that the papers be required to be furnished according to the rules of the court.   That is, the court is open to both sides after a suit is brought.

You have heard the testimony of the plaintiffs' witness on this subject, as to the attorneys, the issue as to fees and charges, and the reference, and all that, as to this case.   It was begun in 1863, and has run till now,—23 years.   If you think that delay was the fault of the plaintiffs, then you may return a verdict that the plaintiffs are not entitled to interest; otherwise, you will say that the plaintiffs are entitled to interest.   If you think that for a part of the time they are to blame for the delay, you may say as to what part interest ought not to be allowed, and be prepared, when you return a verdict, if you return a verdict for the plaintiffs at all, to say how much interest, for what time you think interest ought to be computed, if any.   If none at all, you can answer it, "without interest."   If you think there ought to be interest, you can say, "with interest for the whole time," or, "with interest from such a time."   We leave that to you, and we desire to have you agree upon this subject, and also to be prepared to answer when you come into court as to which articles, if any, the plaintiffs are entitled to recover.

**Verdict** for plaintiffs, *without interest.*